UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WILLIE PALMER,

*Petitioner-Appellant,*

v.

No. 00-6915

JOHN B. TAYLOR, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-99-794-A)

Submitted: February 28, 2001

Decided: March 16, 2001

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Willie Palmer, Appellant Pro Se. Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Palmer appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. *See Palmer v. Taylor*, No. CA-99-794-A (E.D. Va. June 13, 2000). Notably, Palmer claims that, pursuant to the recent case of *Fishback v. Commonwealth*, 532 S.E.2d 629 (Va. 2000), the trial court erred in refusing to instruct the jury regarding his ineligibility for parole. Palmer was convicted of robbery and use of a firearm during the commission of a felony; his conviction and sentence became final in 1997. While the Supreme Court of Virginia recently announced a new rule of criminal procedure that requires that the jury be instructed as to a defendant's ineligibility for parole in non-capital state trials, the United States Supreme Court has not held that due process requires such an instruction in non-capital state trials. Consequently, a decision in Palmer's favor would require the enunciation and retroactive application of a new rule, in violation of § 2254(d)(1) and *Teague v. Lane*, 489 U.S. 288 (1989). *See Ramdass v. Angelone*, 187 F.3d 396, 406 (4th Cir. 1999) (noting that § 2254(d)(1)'s retroactivity limitation is more stringent than *Teague*'s), *aff'd*, 530 U.S. 156 (2000). Thus, this claim is without merit.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*DISMISSED*